CARROLL, Judge.
This case involves two income certificates of deposit of funds in a bank. One of the certificates was for $75,000 and the other was for $20,000. They were in the joint names of the parties, and in the possession of the appellant.
The appellee filed an action against the appellant, his daughter, seeking to regain the certificates. The complaint alleged the certificates of deposit represented his money, from a savings account maintained by him; that his signature incident to the creation of the certificates was obtained by the defendant by scheme and design; that the originals of the certificates of deposit (copies of which were attached to the complaint) were in the possession of the defendant; that his demand therefor made upon the defendant had been refused; and that without the certificates the plaintiff could not utilize the assets represented thereby. Further, as basis for the relief sought, the plaintiff alleged:
“4. That the Plaintiff and the Defendant are father and daughter and that during the time of the above transaction the Plaintiff was seriously ill and at this time the Defendant intentionally mislead the Plaintiff by stating that he would be able to utilize these funds, evidenced by Exhibit I, at any time, without her signature, that these funds were being kept in his name and that she would only receive these funds if he so desired to make them a bequest in a testamentary document.”
By answer the defendant denied she had procured the signature of the plaintiff incident to the certificates of deposit, and averred the certificates were given to her by the plaintiff voluntarily. Defendant denied the allegations regarding scheme or design, and demand upon her, and denied the plaintiff was “seriously ill at the time”, and denied having mislead the plaintiff.
The plaintiff moved for summary judgment. Before the court at the hearing thereon, in addition to the pleadings, there was a deposition of the defendant. The court entered summary judgment in favor of the plaintiff, finding “That the funds represented by the certificates of deposit held by the defendant are the funds of the plaintiff,” and ordering the defendant to return the certificates to the plaintiff.
On this appeal therefrom by the defendant it is contended there were genuine issues of fact such as to preclude the entry of summary judgment. The triable issues thus claimed by the appellant to have been presented were as to the source of the monies, the voluntariness of the plaintiff’s participation in the transaction, and the condition of health of the plaintiff at the time in question.
Regarding the source of the monies, alleged by plaintiff to have been from his savings account, the defendant testified in her deposition the monies were from a joint account maintained by the parties. As to the voluntariness of the plaintiff in the transaction, in her deposition the defendant testified her father took out a certificate of deposit in the First National Bank, and that the purpose thereof was “to invest his money”. In response to a question as to why the certificates were placed in both names, the defendant testified: “He wanted to set up his estate so that everything would be prepared in case he passed away.” Further, the defendant testified: “He said he was getting up in years and he wasn’t sure about handling his affairs, and he wanted them stabilized where somebody of authority could take care of them.” The defendant further testified that the investment was made in that form on advice of officers of the bank.
On that evidence we are impelled to conclude, as contended for by the appellant, that genuine issues of fact material to a determination of the cause were presented, so as to preclude the entry of summary judgment.
Accordingly, the summary judgment in favor of the plaintiff is reversed, and the cause remanded for further proceedings.